IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS KLEIN, | : | No. 3:06-0038 |
| Plaintiff | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Mannion) |
| GENENE HOPKINS and DOROTHY POOLE, | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

### May 11, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On April 18, 2006, Magistrate Judge Mannion filed a Report and Recommendation recommending that the Defendants', Genene Hopkins and Dorothy Poole (collectively "Defendants"), Motion to Dismiss ("the Motion")(doc. 4) be granted and that the Plaintiff Dennis Klein ("Plaintiff") be directed not to file any further complaints, related to the subject matter contained in the instant action and the case filed to docket number 3:04-1501, unless pre-approved by the court prior to filing.

Objections to the Magistrate Judge's Report were due on May 2, 2006 and to date none have been filed. This matter is now ripe for disposition.

1

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

On January 6, 2006, the Plaintiff filed the instant *pro se* civil action. (Rec. Doc. 1). On March 8, 2006, the Defendants filed a Motion to Dismiss (doc. 4). Thereafter the Motion was fully briefed by the parties. On April 18, 2006, Magistrate Judge Mannion filed a Report and Recommendation (doc. 8) recommending that we grant the Defendants' Motion.

**STANDARD OF REVIEW**:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

**DISCUSSION:**

Our review of this case confirms Magistrate Judge Mannion's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

First, Magistrate Judge Mannion notes that the instant action appears to be an attempt to re-file an action, naming other defendants, which was previously dismissed due to the failure of the Plaintiff to both follow court orders and to state a claim upon which relief could be granted.  Magistrate Judge Mannion's review of the complaint reveals that it states no facts, but only cites to various laws.  The complaint does not indicate how the laws were violated or what the Defendants are alleged to have done that would raise a legal claim against them.  Magistrate Judge Mannion therefore correctly recommends that the Motion be granted for failure to state a claim upon which relief could be granted.

Second, Magistrate Judge Mannion recommends that the complaint be dismissed for failure to establish the court's subject matter jurisdiction over the instant action pursuant to Fed. R. Civ. P. 8(a)(1).  Fed. R. Civ. P. 8(a)(1) requires that the basis for federal subject matter jurisdiction to appear on the fact of the complaint.  As Magistrate Judge Mannion correctly notes, the Plaintiff indicates in the complaint that the Defendants violated four statutes, none of which provides a federal jurisdictional basis for a civil cause of action against the Defendants, and accordingly the Motion should be granted with respect to these claims.

Finally, Magistrate Judge Mannion recommends that we deny any attempts by Plaintiff to amend his complaint or to file further complaints related to the

subject mater contained in the instant action and the prior action.  Magistrate Judge Mannion recounts this Court's history with the Plaintiff in detail, including multiple unsuccessful attempts to get Plaintiff to submit documentation that would somewhat comply with the Federal Rules of Civil Procedure and put the Defendants on some type of reasonable notice.  In light of this Magistrate Judge Mannion surmises, and we wholly agree, that it is apparent that it would be futile to allow Plaintiff to amend his complaint to conform with the Federal Rules.  While *pro se* litigants such as Plaintiff must obviously be given wider berths within which to operate, they are not excused from some modicum of adherence to the Federal Rules.  Plaintiff has repeatedly displayed that he is either unwilling or unable to adhere to even the low threshold established for litigants acting on their own, without the benefit of counsel.  Providing him with additional opportunities to get this right is an entirely unavailing resolution.

Our review of this case obviously confirms Magistrate Judge Mannion's determinations.  Because we find no error in Magistrate Judge Mannion's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Magistrate Judge Mannion's Report and Recommendation (doc. 8) is

       GRANTED in its entirety.

2.     Defendants' Motion to Dismiss the Plaintiff's Complaint (doc. 4) is GRANTED.

3.     Plaintiff is directed not to file any further complaints, related to the subject matter contained in 3:04-1501 and 3:06-0038, unless pre-approved by the Court prior to filing.

4.     The Clerk is directed to close the file on this case.

                                                 s/ John E. Jones III
                                               John E. Jones III
                                             United States District Judge